# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RONALD OSBORNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:18-cv-00390 |
| v. ) | Judge Trauger |
| ) | |
| THE METROPOLITAN GOVERNMENT ) | |
| OF NASHVILLE AND DAVIDSON ) | |
| COUNTY, TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS THE AMENDED COMPLAINT
## AND MEMORANDUM OF LAW IN SUPPORT
[FED. R. CIV. P. 12(b)(6)]

The Defendant Metropolitan Government hereby submits this motion to dismiss and memorandum of law in support under FED. R. CIV. P. 12(b)(6).

### FACTS

Plaintiff brings suit against Metro under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)(3)(A), seeking an order requiring Metro to reimburse Medicare for medical expenditures made on Plaintiff's behalf. (Am. Compl., Doc. No. 15, ¶¶ 5.14, 6.1-6.3.) Plaintiff has also recently amended his complaint to allege that he has suffered his own financial harm. (Am. Compl., Doc. No. 15, ¶ 5.16.)

Plaintiff was injured at a trash disposal center operated by Metro and later obtained a judgment against Metro, as the tortfeasor, under the Governmental Tort Liability Act. (Am. Compl., Doc. No. 15, ¶¶ 5.3-5.6, Circuit No. 15C-320.) Metro appealed the judgment, but the Tennessee Court of Appeals affirmed it on February 22, 2018. (Am. Compl., Doc. No. 15, ¶¶ 5.7-5.8.)

On April 23, 2018, the 60-day time limit within which to seek Supreme Court review expired. TENN. R. APP. P. 11(b).

On April 24, 2018, Plaintiff filed this lawsuit. (Compl., Doc. No. 1.)

On May 2, 2018, the Court of Appeals filed its mandate with the trial court, closing the case. (Court of Appeals' mandate, Doc. No. 7-1.[1])

## DISCUSSION

### I. Plaintiff does not have standing to sue on behalf of Medicare.

In *Bio-Medical v. Central States*, 656 F.3d 277 (6th Cir. 2011) the Sixth Circuit explained that the Medicare Secondary Payer Act only allows *Medicare* to sue the tortfeasor for reimbursement under the Act, not the original private party who had been injured, "…Congress intended to permit lawsuits against tortfeasors only by *Medicare,* and not lawsuits against tortfeasors by *private parties.*" *Bio-Medical*, 656 F.3d at 292-93 (6th Cir. 2011) (MERRITT, J.) (emphasis in the original).

In April of this year, the Sixth Circuit reiterated this conclusion, stating, "Because the Medicare Secondary Payer Act is not a *qui tam* statute, the financial injury suffered by the government does not confer standing upon other parties." *Gucwa v. Lawley*, No. 17-1823, 2018 WL 1791994, *4 (6th Cir. Apr. 16, 2018) (MERRITT, J.) (citation omitted).

Plaintiff brings this lawsuit against Metro under the enforcement provisions of the Act, 42 U.S.C. § 1395y(b)(3)(A). Plaintiff's claims are aimed, in part, at seeking reimbursement to Medicare for the conditional payments that it made on Plaintiff's behalf. (Am.Compl., Doc. No. 15, ¶ 5.14; and *ad damnum* ¶ 2, "That Plaintiff be awarded a judgment for the conditional

---

[1] Court orders and other matters of public record may be considered by the Court in ruling on a Rule-12 motion without converting the motion into one for summary judgment. *E.g., Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001).

{N0210501.1}  2

payment amount paid on Mr. Osborne's behalf for expenditures conditionally made and for which the Defendant was a primary payer…")

However, because the Act is not a *qui tam* statute (*Gucwa* at *4), and because the Act permit lawsuits against tortfeasors only by Medicare, and not such lawsuits by private parties (*Bio-Medical* at 292-93), Plaintiff does not have standing to bring this suit on behalf of Medicare.

Accordingly, Plaintiff does not have standing, and his claims on behalf of Medicare should be dismissed under Rule 12 for failure to state a claim upon which relief may be granted.

**II.     Plaintiff cannot bring suit under the Act based upon his individual claims.**

Plaintiff reads the recent *Gucwa* decision (April 2018) to mean that private parties *may* sue tortfeasors, provided that the plaintiffs assert their own, individual, financial loss, such as a loss derived from paying co-pays, deductibles, and the like. (Doc. No. 9, PageID#61; *Gucwa* at *5.)

However, the *Gucwa* case did not involve a tort (as does our case). Instead, it involved a no-fault incident at work, triggering workers' compensation insurance coverage, where the insurance administrator (Accident Fund) initially assumed, and paid for, certain types of medical care and then later terminated such payments. *Gucwa* at *1. Accordingly, the theoretical private-party case that the Sixth Circuit was referring to in *Gucwa* arises when a primary plan is obligated to pay from the outset (such as, in that case, a workers' compensation plan which had, from the beginning, assumed expenses for the injured party's care giver, under a no-fault scenario) and then later terminates further payments, thereby "failing to pay," causing financial injury. *Gucwa* at *4.

In the context of tort[2], as Judge Merritt explained in *Bio-Medical*, we must apply the Act's "demonstrated responsibility" provision. *Bio-Medical* at 290-91. "That provision states that a primary plan must reimburse Medicare only if its responsibility to pay has been demonstrated, which can occur through a judgment, settlement, or other means." *Bio-Medical* at 290 (quotation mark omitted); citing 42 U.S.C. § 1395y(b)(2)(B)(ii). In a tort case, "no evidence of responsibility exists until it is adjudicated ex post." *Bio-Medical* at 291 (parentheses omitted).

Here, because our underlying case was a tort case, and was not a case where the obligation to pay was already in place before the event occurred, or "ex ante" (to use Judge Merritt's term, *Bio-Medical* at 291), there is no such thing as a "failure to pay" under the Act, until the case has been fully adjudicated, with the judgment then left unsatisfied.[3]

### III. There can be no finding of a "failure to pay" on the part of Metro since the underlying tort case was only recently concluded.

As discussed above, "…Congress intended to permit lawsuits against tortfeasors only by *Medicare,* and not lawsuits against tortfeasors by *private parties.*" *Bio-Medical*, at 292-93 (emphasis in the original).

Here, even if Medicare (rather than the beneficiary) had decided to bring this suit against Metro, the fact that the mandate was only recently filed (May 2, 2018, Doc. No. 7-1), and the fact that there is no indication in the Complaint that the judgment against Metro will not be paid

---

[2] Again, a situation where only Medicare is permitted to be the Plaintiff. *Bio-Medical*, 656 F.3d at 292-93 (6th Cir. 2011).

[3] Plaintiff argues that, in *Michigan Spine v. State Farm,* 758 F.3d 787 (6th Cir. 2014), the Sixth Circuit backed away from its rulings in *Bio-Medical* as being *dicta*. However, the discussion of *dicta* in that case only pertained to whether *Bio-Medical* applies to non-group health plans. *Michigan Spine* at 792. And, that case had nothing to do with tort. Instead, it involved a situation (like the situation in *Gucwa*) where the obligation to pay had been established "ex ante." There, the injured party was "State Farm's *insured*" (*Mich. Spine* at 788) where an insurance contract had been in place for the injured party's benefit, from the outset.

like any other judgment, now that the mandate has issued, then there cannot be a finding of a "failure to pay" as contemplated by the Act. *See Bio-Medical* at 291-93.

Also, the Plaintiff was found to be 20% at fault (Doc. No. 7-1, PageID# 39), and the percentages of fault were some of the very issues that had been debated on appeal. (*Id.* at PageID# 40-41.) Accordingly, Metro's responsibility to pay in this case was not fully adjudicated, or "demonstrated," until the appeals had been concluded.

Importantly, Plaintiff makes no mention of the fact that 20% of the harm that he alleges can be attributed to Plaintiff himself. Nor does he allege how or in what manner any of his alleged harm can be tied to a point in time after May 2018, when the underlying tort case had been fully adjudicated, and Metro's responsibility to pay as the 80% tortfeasor, had been "demonstrated" as contemplated under the Act. *Iqbal*, 556 U.S. 662 (2009) (to survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face").

## CONCLUSION

For the foregoing reasons, Plaintiff's claims should be dismissed under Rule 12 for failure to state a claim upon which relief may be granted.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
JON COOPER, #23571
DIRECTOR OF LAW

*/s/ J. Brooks Fox*
J. Brooks Fox, # 16096
Metropolitan Attorney
Metropolitan Courthouse, Suite 108
Post Office Box 196300
Nashville, Tennessee 37219
615.862.6375

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served via the court's CM/ECF system to: James Bryan Moseley, Attorney for Plaintiff, 237 Castlewood Drive, Suite D, Murfreesboro, TN 37129 on June 7, 2018.

*/s/ J. Brooks Fox*
J. Brooks Fox